**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Christian Mohammed,<br><br>Plaintiff,<br><br>v.<br><br>MGM Grand Hotel LLC dba MGM Grand Hotel & Casino,<br><br>Defendant. | Case No. 2:26-cv-02977-MMD-DJA<br><br>**ORDER** |

Before the Court is Plaintiff's motion for appointment of counsel requesting that his case get referred to the Pro Bono Program. (ECF No. 16). Because Plaintiff has not demonstrated exceptional circumstances, the Court denies Plaintiff's motion without prejudice.

## I. Discussion.

Plaintiff informs the Court that within the past four months of receiving his Right to Sue Letter from the Equal Employment Opportunity Commission ("EEOC"), his case has been denied by the Nevada State Bar, Legal Aid[1], and Nevada Legal Services. (ECF No. 16). Plaintiff states that he has also been unsuccessful in his attempts to secure paid representation with specialized law firms in Clark County and speculates that the cause of these rejections could be due to him filing his initial complaint. (*Id.*). Plaintiff argues that he cannot articulate "what he was a victim of in a proper statut[ory] manner." (*Id.*). He further contends that—despite his claims being "back then[,] more emotional"—his first amended complaint has more legal merit, has a cohesive timeline of the events underlying his complaint, and has less conclusory claims. (*Id.*).

Civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have

---

[1] The Court construes "Legal Aid" to be the Legal Aid Center of Southern Nevada.

discretion, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Ageyman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). The circumstances in which a court will make such a request, however, are exceedingly rare and require a finding of extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986). The difficulties inherent in proceeding pro se do not qualify as exceptional circumstances. *Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990). Any pro se litigant "would be better served with the assistance of counsel." *Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Wilborn,* 789 F.2d at 1331).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, courts evaluate (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim *pro se* "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331.

Here, the Court denies Plaintiff's motion because Plaintiff has not demonstrated the exceptional circumstances that would warrant appointing counsel. Upon review of Plaintiff's complaint and supporting documents, Plaintiff's case is in the very early stages of litigation and the likelihood of success on the merits is unclear. Plaintiff points out that he has been unsuccessful in his attempts to secure representation, but that does not qualify as exceptional circumstances. Moreover, Plaintiff has already demonstrated an ability to articulate his claims considering that—by his own admissions—he was able to amend his complaint to provide a cohesive timeline of events with less conclusory claims.

//

//

//

**IT IS THEREFORE ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 16) is **DENIED WTHOUT PREJUDICE**.

DATED: October 6, 2026

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE